UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Hancock Life Insurance Company,   Case No. 3:11-cv-02344

    Plaintiff

  v.   MEMORANDUM OPINION
 AND ORDER

The William R. Ufer, Sr., Irrevocable Trust,

    Defendant

## INTRODUCTION

Before me is the motion of Defendant The William R. Ufer, Sr. Irrevocable Trust for leave to amend its answer and counterclaims for interlineation. (Doc. No. 32). For the reasons stated below, Defendant's motion is denied.

## BACKGROUND

On December 28, 2011, Defendant filed its answer to the Complaint of Plaintiff John Hancock Life Insurance Co. seeking a declaratory judgment. John Hancock alleged William R. Ufer, Sr. (the "Decedent"), submitted an application for life insurance in September 2009; John Hancock further alleged the requested policy was issued on November 3, 2009, and that the first premium was paid in full on November 20, 2009. (Doc. No. 1 at 2-3). John Hancock noted "[t]he Application stated that the Policy would take effect on [the date of] the latter of the payment of first premium or delivery of the Policy . . ." and that "[p]ursuant to the Application's express terms, the Policy took effect on or about November 20, 2009." (Id. at 3). In its answer, Defendant admitted

each of these allegations. (Doc. No. 8 at 1-2). Further, in its counterclaim, Defendant stated "[t]he Policy took effect on November 20, 2009, when Defendant or Ufer paid the required premium . . . ." (Id. at 4).

Defendant first disputed these admissions in its memorandum in opposition to John Hancock's motion for summary judgment.[1] (See Doc. No. 21 at 14). In my order denying John Hancock's motion, I stated Defendant "fail[ed] to 'attempt to reconcile [this] argument with its prior judicial admission'" and would be held to that admission. (Doc. No. 23 at 1) (second alteration in original). Defendant now seeks to:

> (1) amend paragraph 2 of its answer to remove the admission to paragraph 11 of Plaintiff's complaint that the "payment of the first premium was made on or about November 20, 2009;" (2) to amend paragraph 2 of its answer to remove the admission to paragraph 12 of Plaintiff's complaint that "pursuant to the Application's express terms, the Policy took effect on or about November 20, 2009;" (3) to substitute November 11, 2009, for November 20, 2009, in paragraphs 21, 22, 24, 36 and 42 of its counterclaims.

(Doc. No. 32 at 1).

### STANDARD

Fed. R. Civ. Pro. 15 provides in part a party may amend its pleadings once as a matter of course within 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice

---

[1] As is reflected on the case docket in CM/ECF, I have denied John Hancock's motions for summary judgment and for reconsideration of the denial of summary judgment. (Doc. No. 23, Doc. No. 30).

to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Fed. R. Civ. Pro. 16(b), a district court must issue a scheduling order limiting, *inter alia*, the time to amend the pleadings. Fed. R. Civ. Pro. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (*citing Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

## ANALYSIS

Defendant "seeks to amend its answer to reflect the fact that the first premium was actually paid to [the] Trust's insurance agent, William Beck, on November 11, 2009 . . . ." (Doc. No. 32 at 2). Defendant notes my previous orders in this case "have been limited to a determination of whether 'deterioration of health,' . . . was a representation or a condition precedent." (Id. at 3). Defendant asserts "[t]he fact that there has not been a determination of when the contract became effective is evidence of the fact that John Hancock is not prejudiced by this [proposed] amendment."[2] (Id.). I did not set a briefing schedule with respect to this motion, and so John Hancock has not filed a response. John Hancock, however, responded to substantially similar arguments in its brief in reply regarding its motion for summary judgment, and previously stated during a telephone status conference held on June 12, 2013, that it opposed Defendant's request for

---

[2] Defendant states it learned of the date Decedent tendered the premium payment to his insurance agent in August 2012 but does not offer any explanation for failing to seek leave to amend its answer at an earlier date. (Doc. 32 at 2). I will assume, for purposes of deciding the merits of Defendant's motion, that Defendant's proffered reasons are sufficient to establish good cause under Rule 16.

3

leave to amend its answer. (See Doc. No. 22 at 2-3). John Hancock argued "[t]he plain language of the parties' contract makes clear that the 'payment in full' of the first premium . . . must occur at the Service Office specified in the subject policy." (Id. at 3). After considering Defendant's arguments in the instant motion and the earlier arguments John Hancock raised, as well as the principles set forth in Rules 15 and 16, I conclude Defendant's proposed amendments are contrary to the express terms of the life insurance policy and thus would be futile.

The policy for which Decedent applied stated the policy would not take effect until, *inter alia*, "receipt of at least the Minimum Initial Premium at our Service Office." (Doc. No. 17-4 at 26). The policy designates the Service Office as located at 197 Clarendon Street, Boston, Massachusetts 02116-5010. (Id. at 36). John Hancock provided a sworn affidavit which stated Decedent's payment of the first premium was processed at the Service Office on November 20, 2009. (Doc. No. 22-1 at 2).

Defendant does not contest any of these facts or policy terms. Instead, Defendant states "the first premium was actually paid to [the] Trust's insurance agent . . . on November 11, 2009 . . . ." (Doc. No. 32 at 2). While Defendant argues this date is "[a] key fact . . . [that] would be ignored if the [requested] amendment were not permitted," there is no evidence to support its contention. (See id. at 3). Nor is there evidence to support Defendant's earlier contention that John Hancock was bound by agency principles of apparent authority because Decedent "reasonably believed that the policy went into effect on November 11, 2009, since Beck [the insurance agent] was assisting him in applying for life insurance with John Hancock." (Doc. No. 21 at 15). To the contrary, in the months before he applied for the John Hancock policy, Decedent applied for life insurance with a different company through Beck. (Doc. No. 21-1 at 2). Further, Defendant repeatedly refers to Beck as "an independent insurance agent." (Doc. No. 21 at 2, 14; Doc. No. 21-1 at 2). Defendant fails to demonstrate Decedent could have reasonably believed Beck – whom Decedent knew provided assistance to him with an application for life insurance with an unrelated

company – could accept payment of the first premium on behalf of John Hancock in direct contradiction with the terms of the life insurance policy.  The date on which Decedent provided a check for payment of the premium has no relevance under the express terms of the life insurance policy and so, as a matter of law, has no relevance to the resolution of this litigation.  I conclude Defendant's proposed amendments would be futile and therefore Defendant has failed to demonstrate justice requires permission to amend its answer.

## CONCLUSION

For the reasons stated above, Defendant's motion for leave to file an amended answer is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge